HAROLD M. BRODY, SBN 084927
DAWN M. IRIZARRY, SBN 223303
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193



FILED

NOV - 3 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

Attorneys for Defendants
Henry Schein, Inc., CAMLOG USA, Inc., and Rob Gorin.

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WHITTALL,<br><br>    Plaintiff,<br><br>v.<br><br>HENRY SCHEIN, INC., CAMLOG USA, ROB GORIN., and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. 2:05-CV-01629-WBS-GGH<br><br>Hon. William B. Shubb<br><br>**STIPULATION AND**<br>**ORDER OF CONFIDENTIALITY** |

WHEREAS, plaintiff Paul Whittall ("Plaintiff" or "Whittall") and defendants Henry Schein, Inc., Camlog USA, Inc. (erroneously sued as Camlog USA) and Rob Gorin ("Defendants") (collectively referred to herein as "the parties") are presently engaged in discovery; and

WHEREAS, the parties consider some of the information being sought in discovery or contained in documents being sought in discovery to be of a confidential nature; and

STIPULATION AND ORDER OF CONFIDENTIALITY

1   WHEREAS, the parties have agreed to the entry of this Stipulation and Confidentiality Order to permit Plaintiff's and Defendants' counsel to discover information deemed confidential pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND AGREED as follows:

1. "Confidential Information" as used herein, means any type or classification of information designated as confidential by the party producing it, including discovery material which contains or discloses proprietary or sensitive business information (including, but not limited to information regarding sales), trade secrets, information relating to prior litigation that is subject to a previously existing confidentiality order or agreement, forecasts or strategies, appraisals, valuations, proprietary research, commercial or financial records, personnel or employment records, policies or practices, or other information considered by the producing person to be personal, sensitive or private in character, or commercially or personally sensitive, whether it be a document, information contained in a document, information revealed in an interrogatory response, information revealed during a deposition, or any other form of information.

2.  (a)  "Qualified Person" as used herein means for Confidential Information produced by Defendants: (i) Plaintiff's counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by Defendant pursuant to this Stipulation; (ii) any expert, expert's staff or third party employed or retained by Plaintiff's counsel for the purpose of assisting counsel in the prosecution of this litigation; (iii) Plaintiff; (iv) the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court); and (v) any other person to whom the designating party agrees in writing.

   (b) "Qualified Person" as used herein means, for Confidential Information produced by Plaintiff: (i) Defendants' counsel, legal assistants and support staff reasonably necessary to assist said counsel in the evaluation of the Confidential Information produced by Plaintiff pursuant to this Stipulation; (ii) any expert, expert's staff or third party employed or retained by Defendant or its attorneys for the purpose of assisting in the prosecution or defense of this litigation; (iii) Defendants, including any employee, agent, former employee, or former agent of the Defendants or its present or former parents, subsidiaries or related entities involved in or connected with this litigation as determined by Defendants in its sole discretion; (iv) the Court (including any clerk, stenographer or other person having access to any Confidential Information by virtue of his or her position with or affiliation with the Court); and (v) any other person to whom the designating party agrees in writing.

  3. Counsel for the parties shall designate discovery materials produced in the course of discovery as Confidential Information by marking or stamping such discovery materials where possible with the word "CONFIDENTIAL."

  4. Access to/disclosure of Confidential Information marked or stamped as "CONFIDENTIAL" shall be limited only to Qualified Persons. Such access to/disclosure of Confidential Information to Qualified Persons shall only be permitted or made to the extent counsel in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this litigation, and in the case of Qualified Persons described in paragraphs 2(a)(ii), 2(a)(iii), 2(a)(v), 2(b)(ii) and 2(b)(v) above only after execution by such persons of a written Acknowledgment in the form attached hereto as Exhibit A.

  5. Each Qualified Person will maintain Confidential Information in confidence and will not reveal any Confidential Information to any person who is not a Qualified Person without the prior written consent of counsel for the party who produced the information or an order by the Court authorizing such disclosure.

**STIPULATION AND ORDER OF CONFIDENTIALITY**

Confidential Information shall be used only for the purposes of this litigation (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not be disclosed, given, shown, discussed or otherwise divulged or communicated to any person or entity except as provided herein.

6. In the event counsel for Plaintiff or Defendants disagrees with any designation of "Confidential Information" or considers it necessary to disclose Confidential Information to persons other than as permitted herein, such counsel shall confer and attempt to resolve the matter informally. If they are unable to do so, application may be made to the Court for a determination whether particular documents or other information should be treated as Confidential Information or whether the disclosure of the information shall be permitted and to what extent such disclosure shall be permitted. The application must be submitted in compliance with Local Rule 37-251 of the United States District Court, Eastern District of California. The information in question shall be treated as Confidential Information, subject to the terms of this Stipulation and Order, until otherwise agreed to by the parties or ordered by the Court.

7. The disclosure of a document or information without marking it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Confidential Information once disclosed may be copied only to the extent necessary to permit its use in accordance with the terms of the Stipulation and Order.

9. If either party wishes to use information or documents designated as Confidential Information during any deposition in this action, the parties will in advance confer in good faith to agree upon a method to protect such Confidential

1 Information during such deposition; if they are unable to agree upon a method to
2 protect such Confidential Information, either party may apply to the Court for a
3 mechanism to maintain the confidentiality of discovery material designated as
4 Confidential Information.

5     10.    Prior to showing Confidential Information to a witness during a
6 deposition, such party conducting the deposition shall: (a) inform the witness that
7 the information is confidential and instruct the witness that such confidentiality must
8 be maintained; and (b) ensure that no persons are present during those portions of
9 the examination concerning Confidential Information except the witness, Qualified
10 Persons, Defendants' and Plaintiff's counsel, and a court reporter and/or
11 videographer.

12     11.    The transcript of deposition testimony deemed Confidential
13 Information shall be bound separately, marked by the court reporter
14 "CONFIDENTIAL" and treated as Confidential Information subject to the terms of
15 this Stipulation and Order.

16     12.    If either party wishes to use information or documents designated as
17 Confidential Information during any trial of this action, the parties will in advance
18 confer in good faith to agree upon a method (subject to the Court's approval) to
19 protect such Confidential Information during such proceedings; if they are unable to
20 agree upon a method to protect such Confidential Information, either party may
21 apply to the Court for a mechanism to maintain the confidentiality of discovery
22 material designated as Confidential Information.

23     13.    This Stipulation and Order has no effect upon, and its scope shall not
24 extend to, any producing party's use or disclosure of its own Confidential
25 Information.

26     14.    All information subject to confidential treatment in accordance with the
27 terms of this Stipulation and Order that is filed with the Court, and any pleadings,
28 motions or other papers filed with the Court disclosing any Confidential

Information, shall be filed under seal and kept under seal until further order of the Court.

15. Within thirty days of the conclusion of this action (including appeals, if any), all Confidential Information, and all documents containing Confidential Information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this Stipulation and Order, shall be returned to counsel for the party who produced the documents, together with all copies, extracts and summaries thereof, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Stipulation and Order.

16. This Stipulation and Order may be amended by further Stipulation, or if the parties are unable to agree, by the Court upon the application of a party.

17. After termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions. This agreement may be modified, superseded, or terminated by written agreement of the parties or by Order of the Court.

18. This Stipulation and Order shall be binding on the parties, their counsel, all Qualified Persons, and all other persons having knowledge of its terms. It is enforceable by the contempt power of the United States District Court for the Eastern District of California and by any other appropriate sanction deemed appropriate by the Court.

| | | |
|---|---|---|
| 1 | Dated: October 26, 2005 | PROSKAUER ROSE LLP<br>HAROLD M. BRODY<br>DAWN M. IRIZARRY |
| 2 | | |
| 3 | | |
| 4 | | /S/Dawn M. Irizarry<br>Dawn M. Irizarry |
| 5 | | Attorneys for Defendants<br>Henry Schein, Inc., CAMLOG USA, and Rob Gorin |
| 6 | | |
| 7 | Dated: October 26, 2005 | LAW OFFICES OF LAWRANCE A. BOHM<br>LAWRANCE A. BOHM |
| 8 | | |
| 9 | | |
| 10 | | /S/Lawrance A. Bohm<br>Lawrance A. Bohm |
| 11 | | Attorneys for Plaintiff<br>PAUL WHITTALL |
| 12 | | |

SO ORDERED:

GREGORY G. HOLLOWS

Date: Nov. 1, 2005

U.S.D.J.
M

7
**STIPULATION AND ORDER OF CONFIDENTIALITY**

## EXHIBIT A

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WHITTALL,<br><br>              Plaintiff,<br><br>       v.<br><br>HENRY SCHEIN, INC., CAMLOG USA, ROB GORIN., and DOES 1-100, inclusive,<br><br>              Defendants. | Case No. 2:05-CV-01629-WBS-GGH<br><br>Hon. William B. Shubb |

### ACKNOWLEDGMENT OF STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

I have read the Stipulation and Order regarding Confidential Information in the above-captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to be bound by such terms.

I understand that a breach of the terms of said Stipulation and Order may be punishable by contempt of court and be subject to appropriate legal penalties.

Date:_____      _____
                                                                                  Signature

                                                                                  _____
                                                                                  Print Name

/-
Current/7564902v1