IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WHITTALL,

    Plaintiffs,                    No. CIV S-05-1629 WBS GGH

    vs.

HENRY SCHEIN, INC., et al.,

    Defendants.                 MEMORANDUM

_____/

        On April 6, 2006, the parties telephoned chambers with a discovery dispute concerning plaintiff's request to take the deposition of witness Lorie Dietz. Plaintiff sought to take this deposition on Monday, April 10, 2006, in Connecticut since plaintiff's counsel was already on the east coast conducting other depositions. Defendants objected to the lack of notice and time to prepare for a deposition on such short notice. After considering the parties' arguments, the court issued an order on the phone which is memorialized herein.

        Defendants' points have merit. Reasonable notice for a deposition is usually ten days. Here, plaintiff's counsel informed defense counsel on April 5, 2006 that he wished to take Dietz' deposition on April 10. No subpoena or deposition notice was issued. Dietz's address and phone number was easy to locate on Yahoo's People Search, as demonstrated during the phone conference, and plaintiff's counsel should have subpoenaed her earlier, regardless of the

issue of her lack of cooperation.  Furthermore, adequate preparation time is necessary, especially in light of other depositions scheduled in this case.

Nevertheless, on balance, plaintiff's position prevails.  The expense for plaintiff's counsel to return to the east coast at a later time is significant.  Furthermore, People Search indicated other individuals with the name Dietz in Connecticut.  Plaintiff's counsel did have a duty to confirm he had the correct Dietz before subpoenaing her.  He indicated that his phone calls to her went unreturned until this court's order of March 30, 2006 issued.  Defense counsel's concerns with preparation time for this deposition is only partially warranted as this witness' potential testimony is not complicated.  She is not an expert and this is an employment case, the theme of which is already well known to both sides.  Documents necessary for this deposition can be easily obtained by defense counsel who it is assumed has access to the company's documents.  The instant deposition may be helpful to the upcoming Voluntary Dispute Resolution Program, set for April 24, 2006.  In sum, the overall interest is in favor of fleshing out the facts of the case rather than the convenience of the parties.

Accordingly, as directed at the April 6, 2006 phone conference, IT IS ORDERED that plaintiff is permitted to depose Lorie Dietz on Monday, April 10, 2006, in Hartford, Connecticut. Plaintiff's direct examination is limited to three hours. The defense has unlimited time for cross examination – within reasonable limits.

DATED: 4/10/06

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:076
Whittall1629.tel